UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BUZZFEED, INC., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civ. A. No. 17-0900 (ABJ) |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| Defendant. | ) | |

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT,
AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Plaintiffs have not raised a sufficient question regarding the material facts at issue successfully to challenge the grant of summary judgment for Defendant in this Freedom of Information Act ("FOIA") case. Nor have Plaintiffs adequately established that they are entitled to summary judgment on their claims. Plaintiff's Memorandum Of Points And Authorities In Opposition to Defendant's Motion For Summary Judgment and in Support of Plaintiffs' Cross-Motion For Summary Judgment ("Pl. Mem.") (ECF No. 12) fails to recognize that, whatever beliefs that Plaintiffs may have about the aircraft used by the Federal Bureau of Investigation ("FBI"), those beliefs have not been confirmed by the FBI. Indeed, the FBI has not before disclosed the tail numbers of the aircraft that may be called upon to provide surveillance in its operations. Second Declaration of David M. Hardy ("Second Hardy Decl."), ¶¶ 11-14. This is fatal; to Plaintiffs' claims.

ARGUMENT

> "Summary judgment is warranted on the basis of agency affidavits when the affidavits describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 984) (quotation omitted). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.' " *Wolf* [*v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007)] (quoting *Gardels v. CIA*, 689 F.2d 1100, 1105 (D.C. Cir. 1982), and *Hayden v. NSA*, 608 F.2d 1381, 1388 (D.C. Cir. 1979)).

*Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009); *see also* Def's Mem. (ECF No. 9) at 5-6.

Here, what remains to be decided by the Court is whether Defendant has adequately supported its assertion that further information need not be disclosed to Plaintiffs in light of the FOIA exemptions found at 5 U.S.C. § 552(b)(7)(A) and (E) and the "Glomar" line of cases. *See Bassiouni v. CIA*, 392 F.3d 244, 246 (7th Cir. 2004); *Phillipi v. CIA*, 546 F.2d 1009, 1013 (D.C. Cir. 1976); *EPIC v. Nat'l Sec. Agency*, 678 F.3d 926, 931 (D.C. Cir. 2012); *Wolf v. CIA*, 473 F.3d at 374. To begin with, Plaintiffs admit the accuracy of many of the Defendants Statement of Material Facts Not in Dispute ("Def. SMF") (ECF No. 9). *See* Plaintiff's Statement of Material Facts Not in Dispute ("Pl. SMF") (ECF No. 21-1), ¶ 1. ("Plaintiff adopts the facts set forth in paragraphs 1-9, 12, 17, 27, and 49 . . ."). Plaintiffs challenge only on a conclusory basis the facts that were properly established by Defendant, Def. SMF, ¶¶ 13, 28-19, and 40, offering no citation to any record evidence to challenge these assertions. Pl. SMF, ¶ 2.

Finally, Plaintiffs argue that paragraphs 10-11, 14-16, 18-26, 30-39, 41-48 and 50-54 of Defendant's Statement contains not facts but are instead legal conclusions. Pl. SMF, ¶ 3. Again, no citations to properly challenge these paragraphs are provided by Plaintiffs. And, in

fact, most, if not all, of these paragraphs contain factual information that is properly supported by the accompanying citations. *See, e.g.*, the following paragraphs:

> Def. SMF, ¶ 20 (". . . the FBI is the primary investigative agency of the federal government, with authority and responsibility to investigate all violations of federal law not exclusively assigned to another agency; to conduct investigations and activities to protect the United States and its people from terrorism and threats to national security; and to further the foreign intelligence objectives of the United States. Hardy Decl., ¶ 15.")
>
> Def. SMF, ¶ 25 ("The FBI has asserted a Glomar response because acknowledging or denying the existence of records in response to Plaintiffs' FOIA request is tantamount to confirming or denying ownership of specific aircraft. Hardy Decl., ¶ 19.")
>
> Def. SMF, ¶ 29 ("The FBI has not released specific information regarding tail numbers, or the flight and evidence logs associated with specific aircraft. Hardy Decl., ¶ 19.")
>
> Def. SMF, ¶ 30 ("For the FBI to acknowledge responsive records, even if withheld entirely pursuant to a FOIA exemption (b)(7)(A), would not only confirm ownership of the aircraft, it would also disclose the FBI's investigative interest in particular geographic areas. Hardy Decl., ¶ 19.")
>
> Def. SMF, ¶ 31 ("This acknowledgment would alert the public of the FBI's interest in particular flight patterns, and afford criminals and terrorists the opportunity to alter their behavior and location, interfering with pending enforcement proceedings. Hardy Decl., ¶ 19.")
>
> Def. SMF, ¶ 32 ("To confirm the existence of records, would be equivalent to the FBI acknowledging there is an active investigation along specific flight patterns. Conversely, if the FBI confirmed no responsive records existed, then the acknowledgement would reveal the aircraft are, in fact, not owned by the FBI and that such flight patterns are potentially free from FBI aerial surveillance. Hardy Decl., ¶ 19.")
>
> Def. SMF, ¶ 33 ("These facts could be extremely valuable to criminals and terrorists, who would carry out their activities knowing the aircraft are not being used by the FBI to conduct aerial surveillance; thus, the FBI is asserting a (b)(7)(A) Glomar in response to Plaintiffs FOIA request because acknowledging or denying the existence of records associated with specific tail numbers could have a devastating impact on current criminal and national security investigations. Hardy Decl., ¶ 19.")
>
> Def. SMF, ¶ 39 ("Although the FBI's use of aerial surveillance is well-known, the specific details regarding its aircraft and the circumstances in which they are employed (such how, where, and under what conditions they are deployed), is not generally known. Hardy Decl., ¶ 22.")

> Def. SMF, ¶ 40 ("The FBI has not publicly acknowledged ownership of specific aircraft or the flight and evidence logs associated with them. Hardy Decl., ¶ 22.")
> Def. SMF, ¶ 41 ("Acknowledging ownership could have a negative impact on the effectiveness of the investigative technique as well as pose significant harm to the overall aerial surveillance program, as it would provide valuable information on the FBI's use of aerial surveillance in particular geographic areas, and afford criminals and terrorists the opportunity to develop countermeasures to avoid detection and circumvent the law. Hardy Decl., ¶ 22.")
>
> Def. SMF, ¶ 42 ("Acknowledgment could render the investigative technique ineffective. Confirming the existence of responsive records and thus, the ownership of specific aircraft is tantamount to publicly acknowledging the FBI's investigative interest in a particular geographic area or flight pattern. Hardy Decl., ¶ 22.")
>
> Def. SMF, ¶ 43. ("Criminals and terrorists could take this type of information about an FBI association or non-association with specific aircraft and alter their patterns of transportation, geographic areas of operation, contacts, and other behaviors in effort to circumvent FBI aerial surveillance efforts; therefore, rendering the investigative technique ineffective. Hardy Decl., ¶ 22.")
>
> Def. SMF, ¶ 45 ("Confirming the existence of records in connection with specific tail numbers in response to one FOIA request may appear benign; however, the cumulative effect of multiple FOIA requests seeking information on additional tail numbers, covering different surveillance flight patterns, would be particularly problematic and have a devastating impact on individual investigations as well as to the overall aerial surveillance program. Hardy Decl., ¶ 23.").

Because, in responding to the paragraphs proffered and supported in Defendant's Statement, Plaintiffs do not provide any citation to evidence that would contradict the factual assertions, the facts should be deemed conceded. *See* Fed. R. Civ. P. 56(c)(1), (e)(2); LCvR 7(h)(1); *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996); *SEC v. Banner Fund Int'l*, 211 F.3d 602, 616 (D.C. Cir. 2000) (If the party opposing the motion fails to comply with this local rule, then the district court is under no obligation to sift through the record and should instead deem as admitted the moving party's statement).

Plaintiffs have made no meaningful effort to counter the facts that have been presented in support of Defendant's motion for summary judgment, as they were required to do by Local

Civil Rule 7(h)(1) and Federal Rule of Civil Procedure ("Rule") 56(e). Instead, Plaintiffs have formally adopted paragraphs 1-9, 4-12, 15-16, 18-19, 21-24, 28, 32-52 and 56 of Defendant's Statement.[1] Pl. SMF, ¶ 1. Plaintiffs have not proffered any facts to challenge the remaining assertions in Defendant's Statement, but have only argued that they are legal conclusions. Pl. SMF, ¶ 2.

> In opposing a motion for summary judgment, a party must offer more than conclusory statements. *See Broaddrick v. Exec. Office of President,* 139 F.Supp.2d 55, 65 (D.D.C. 2001) (citing *Laningham v. U.S. Navy,* 813 F.2d 1236, 1241 (D.C. Cir. 1987)). Indeed, a plaintiff pursuing an action under FOIA must establish that the agency has improperly claimed an exemption as a matter of law or that the agency has failed to segregate and disclose all non-exempt information in the requested documents. *See Perry–Torres v. Dep't of State,* 404 F.Supp.2d 140, 142 (D.D.C. 2005).

*Barnard v. Dep't of Homeland Sec.,* 598 F. Supp. 2d 1, 7–8 (D.D.C. 2009); accord *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d at 151. Defendant acknowledges that the Court should assess the merits of Defendant's motion for summary judgment in light of the facts presented, *see Burke v. Gould*, 286 F.3d 513, 518 (D.C. Cir. 2002), but where Plaintiffs have failed to address those facts, and, as here, the facts support the application of Glomar and the Exemptions found in 5 U.S.C. § 552(b)(7)(A) and (E), summary judgment is appropriate. Thus, because Plaintiff does not properly identify any appropriate evidence with which to challenge the assertions in those portions of Def. SMF, the assertions should be deemed by the Court as true. The facts so proffered by Defendant were properly supported in the Hardy

[1] Plaintiff, thus, concedes that "[c]onfidentiality is a vital aspect of successful foreign relations; and this includes the confidentiality of diplomatic exchanges and information about the nature of other countries' engagement with the United States, when undertaken with an expectation of confidentiality." Def. SMF, ¶ 56; Pl. SMF, ¶ 1.

Declaration (ECF No. 9-1).  Where appropriate, Defendant has further provided the Court with information *in camera*, offering additional support for the FBI's assertions in this litigation.  *See In Camera, Ex Parte* Declaration (referenced in ECF No. 11) (redacted copy available at ECF No. 11-1).  Moreover, in light of Plaintiffs' concerns reflected in their memorandum, the FBI provides additional factual support for the application of the FOIA Exemptions found at 5 U.S.C. § 552(b)(7)(A) and (E).  Second Hardy Decl., ¶¶ 10-13.

Plaintiffs for instance, argue that the FBI has identified "no specific proceeding that might be compromised by the disclosure [sought]".  Pl. Mem. at 11.  Nowhere do Plaintiffs cite a case for the proposition that a "specific" or identified proceeding must be provided in order to assert Exemption 7(A), and, indeed, there is no such requirement.  To insist, as Plaintiffs suggest the Court must insist on such specificity, would thwart the utility of the *Glomar* mechanism.  *See* Second Hardy Decl., ¶ 10; *In Camera, Ex Parte* Decl., ¶ 7.

Plaintiffs allege that journalists and members of the public have identified FBI surveillance flights and aircraft numbers in the Federal Aviation Administration's registration records. Pl. Mem. at 2.  But public statements made by individuals, the press, and unnamed or anonymous sources, who are not part of and cannot speak on behalf of an agency, do not constitute an official acknowledgement and do not bind or govern an agency's actions in response to FOIA requests.  Binding an agency to unofficial public statements, even if true, would require the agency to confirm information and potentially harm interests protected under FOIA.   Second Hardy Decl., ¶ 7. Thus, Plaintiffs' claims regarding the FBI's aerial surveillance program are allegations unsupported by any official FBI statement or acknowledgment. *Id*.  To confirm or deny Plaintiffs' claims would harm pending law enforcement proceedings as well as

detrimentally impact the FBI's use of aerial surveillance as an investigative technique - effecting the exact harms enumerated in the First Hardy and the *In Camera, Ex Parte* Declaration. *Id*.

Plaintiffs claim, incorrectly, that their March 4, 2016, FOIA request is narrower in scope than the ACLU's May 6, 2015 request that resulted in the release of FBI materials. Pl. Mem. at 5-6. Although both requests share similarities, the analogous portion of the ACLU's request is narrower in scope. ACLU's request sought records on aerial surveillance conducted during the Baltimore protests/riots following the death of Freddie Gray. Second Hardy Decl., ¶ 8. The protests/riots was a one-time national event in which the Baltimore Police Department requested federal assistance. *Id.* The FBI's aerial surveillance was initiated by the Baltimore Police Department's request for assistance as opposed to aerial surveillance performed in furtherance of covert operations. In response to their request, the FBI processed and released flight and evidence logs as well as video surveillance. *Id.* In contrast, Plaintiffs' request seeks all flight and evidence logs from August 15, 2015, through the present for twenty-nine (29) aircraft ranging from the D.C./Baltimore area, New York, and California.[2] *Id*. Records responsive to Plaintiffs' request, should they exist, would disclose information about covert missions and reveal flight patterns and operations of ongoing investigations. Second Hardy Decl., ¶ 8.

Plaintiffs claim their request is for "historical flight logs and evidence logs related to several aircraft that perform FBI surveillance." Pl. Mem. at 8. Plaintiffs assume the aircraft belong to the FBI. Second, Plaintiffs presume the flight and evidence logs are historical and

[2] Plaintiffs' March 4, 2016, FOIA request specified a date range of August 15, 2015, through the present. Hardy Decl., Exhibit A at 2.

do not relate to ongoing investigations. Second Hardy Decl., ¶ 8. Plaintiffs do not have the requisite knowledge to make these claims. *Id*. As a matter of policy, the FBI asserts and Exemption 7(E) Glomar response in response to all FOIA requests for records on specific aircraft. The FBI consistently applied its policy to both the ACLU's and Plaintiffs' requests. For example, items 3, 4, 5, and 6 of ACLU's request sought records on specific aircraft and front companies as cited in Plaintiffs' Opposition. Pl. Mem. at 5. The FBI asserted Glomar in response to those items because they related to specific aircraft. Second Hardy Decl., ¶ 8. Overall, the ACLU's request was narrower in scope because they generally sought records on aerial surveillance conducted during the Baltimore riots/protests while Plaintiffs' request seeks records, should they exist, on covert operations for twenty-nine (29) aircraft in D.C./Baltimore, New York, and California over a longer period of time. Consistent with established policy, the FBI asserted Glomar in response to both requests on specific aircraft. Second Hardy Decl., ¶ 8.

Plaintiffs argue that the existence or non-existence of the information at issue does not fall within a FOIA exemption and must be disclosed. Pl. Mem. at 9. Although it is true an agency must assert a FOIA exemption to withhold information, courts also recognize the legitimacy of a Glomar response when the mere acknowledgement of records would result in a harm protected against by one or more FOIA exemptions. *See Phillipi v. CIA*, 655 F 2d. 1325, 1327 (D.C. Cir. 1981). In this case, the FBI has asserted a Glomar under FOIA exemptions (7)(A) and (7)(E) because acknowledging the existence of records in connection with specific tail numbers would harm pending law enforcement proceedings as well as detrimentally impact the FBI's use of aerial surveillance as an investigative technique. *See* Hardy Decl., ¶¶ 12-23; *In Camera, Ex Parte* Declaration; Second Hardy Decl., ¶¶ 9-14. Plaintiffs' efforts to goad the FBI into conceding that Plaintiffs' supposition has, or does not have, a basis in fact is unavailing.

Plaintiffs' efforts to comb materials that are in practical obscurity for FBI links to individual aircraft (factual or fictitious) simply do not raise a question about whether the FBI's use of any particular aircraft is well known. And, the FBI has adequately satisfied the relatively low hurdle to show the release of information regarding this "technique" would be harmed by the released sought by Plaintiffs. See *Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011) (noting the "relatively low bar for the agency to justify withholding" information under Exemption 7(E)); *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 160 F. Supp. 3d 226, 242 (D.D.C. 2016); Hardy Decl. ¶¶ 12-24; *In Camera, Ex Parte* Declaration; Second Hardy Decl. ¶¶ 5-14.

Plaintiff's Cross Motion

Plaintiffs' Cross-Motion For Summary Judgment is premised on Plaintiffs' apparent belief that because other entities or individuals believe that they can identify FBI aircraft, the FBI must be compelled to verify these beliefs. This is a faulty premise. The D.C. Circuit has held that "when information has been 'officially acknowledged,' its disclosure may be compelled even over an agency's otherwise valid exemption claim." *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990). Under such circumstances, the plaintiff must establish that the information requested is as specific as the information previously released, must match the information previously disclosed, and must have already been made public through an official and documented disclosure. *Fitzgibbon v. CIA*, 911 F.2d at 765; *Am. Immigration Lawyers Ass'n v. U.S. Dep't of Homeland Sec.*, 852 F. Supp. 2d 66, 74 (D.D.C. 2012). If Plaintiffs are attempting to establish a waiver, they fail, because the FBI has never officially recognized the aircraft as related to any FBI surveillance program. Second Hardy Decl., ¶¶ 11-14. Plaintiffs' provide certain documents that appear to reflect another entity's notations that one or more aircraft have

capabilities or options and that the initials "FBI" can be found in the documents, apparently provided by or through the Federal Aviation Administration.  Pl. SMF, ¶¶ 13-31.  The FBI has never confirmed that the aircraft with particular tail numbers are affiliated with the FBI or confirmed that its aircraft are centered in any particular locations.   Second Hardy Decl., ¶¶ 8-13. Moreover, it is, of course, possible that the FBI or another agency or a person wholly unrelated to the government may pepper FAA documentation on aircraft with false references to the FBI. Absent the FBI's ability to rely on Glomar, these inaccuracies (or potential inaccuracies) would be removed whenever a FOIA requester demanded confirmation through a cleverly written FOIA request or statement of material facts.

CONCLUSION

Therefore, for the reasons set forth herein, in the declarations submitted by Defendant in support of summary judgment, and as proffered in support of Defendant's Memorandum Of Points And Authorities In Support Of Motion For Summary Judgment, the above civil action should be dismissed or summary judgment entered in favor of the Defendant. Plaintiff's Cross-Motion for Summary Judgment should be denied.

Respectfully submitted,

JESSIE K. LIU, DC Bar #472845
United States Attorney

DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division

By:_________________________________/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 252-2536
mark.nebeker@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BUZZFEED, INC., et al.,

Plaintiffs,

v.

U.S. DEPARTMENT OF JUSTICE,

Defendant.

Civ. A. No. 17-0900 (ABJ)

DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS

Defendant hereby responds below to the purported facts presented by Plaintiffs in support of Plaintiffs' Motion For Summary Judgment.

1-10. Admitted.

11. Defendant disputes the assertion set forth in paragraph 11 of Plaintiff's statement, as it is not adequately supported by the evidence cited in Plaintiff's statement.

12. Admitted.

13-14. Defendant disputes the assertions set forth in paragraphs 13 and 14, as the FBI can neither confirm nor deny flight patterns or tradecraft associated with aircraft Plaintiffs allege are associated with the FBI, and Plaintiffs provide no basis of knowledge by which Plaintiffs' declarant purports to base his conclusion. *See* Hardy Decl., ¶ 13 ("the FBI does not publicly acknowledge specific aircraft used in aerial surveillance"); Pl. Exh. 4 at page 3 ("The FBI and the DHS would not discuss the reasons for individual flights. . .").

15. Admitted.

16.   Defendant disputes the assertion set forth in paragraph 16 of Plaintiff's statement, to the extent Plaintiff alleges those records are indicative of the use of specific aircraft for FBI surveillance.  *See* Hardy Decl., ¶ 13 ("the FBI does not publicly acknowledge specific aircraft used in aerial surveillance"); Pl. Exh. 4 at page 3 ("The FBI and the DHS would not discuss the reasons for individual flights. . .").

17.   Defendant does not dispute that the exhibit provided by Plaintiffs includes language that includes the phrase "Title Overhead Video Switchs Distribution FBI C182 Hawk Owl Project", but notes that the existence or nonexistence of this language is not material to the resolution of the issues in this action for the reasons set forth in support of Defendant's Motion For Summary Judgment.  By admitting the existence of this language in the exhibit annexed to Plaintiffs' filing, Defendant does not agree that Plaintiffs have properly documented the truth or accuracy of any FBI affiliation with the aircraft listed elsewhere in the exhibit and notes that Plaintiffs offer no basis of knowledge for the apparent owner of the cited document (Paravion Technology, Inc.).  Thus, Plaintiffs' exhibit 6 constitutes inadmissible hearsay that cannot be converted to admissible evidence without a proper foundation.  *See* Fed. R. Evid. 602 (requiring personal knowledge for properly admitted evidence).  For these reasons the assertions in this paragraph is not material and Plaintiffs have failed properly to support the conclusions that they draw from the cited exhibit.  *See* Hardy Decl., ¶¶ 12-24; Second Hardy Decl., ¶¶ 5-14.

18.   Defendant disputes the assertion set forth in paragraph 18, as the FBI can neither confirm nor deny the FBI's use of aircraft registered to the entities referenced in the paragraph. Nor do plaintiffs offer any basis of knowledge for the assertions in the paragraph and cited document.  *See* Hardy Decl., ¶ 13 ("the FBI does not publicly acknowledge specific aircraft used

in aerial surveillance"); Pl. Exh. 4 at page 3 ("The FBI and the DHS would not discuss the reasons for individual flights. . .").

19. Defendant disputes the assertion set forth in this paragraph, as it is not adequately supported by the evidence cited in the statement. Nor do Plaintiffs offer any basis of knowledge for the assertions in the paragraph and cited document. *See* Hardy Decl., ¶ 13 ("the FBI does not publicly acknowledge specific aircraft used in aerial surveillance").

20. Defendant does not dispute that the exhibits provided by Plaintiffs (Exh. 7 and Exh. 8) include language showing PO Box 807, but Defendant neither confirms nor denies any association between the aircraft referenced and the FBI. *See* Hardy Decl., ¶ 13 ("the FBI does not publicly acknowledge specific aircraft used in aerial surveillance"); Pl. Exh. 4 at page 3 ("The FBI and the DHS would not discuss the reasons for individual flights. . ."). Defendant further notes that Plaintiffs offer no basis of knowledge for the apparent owner of the cited document (the FAA). Thus, Plaintiffs' exhibits 7 and 8 constitute inadmissible hearsay that cannot be converted to admissible evidence without a proper foundation. *See* Fed. R. Evid. 602 (requiring personal knowledge for properly admitted evidence). For these reasons the assertions in these paragraphs are not material and Plaintiffs have failed properly to support the conclusions that they draw from the cited exhibits. *See* Hardy Decl., ¶¶ 12-24; Second Hardy Decl., ¶¶ 5-14; PL. Exh. 7 and Pl. Exh. 8.

21. Defendant disputes the assertions set forth in this as a third party characterization and not an official FBI statement. Defendant does not agree that Plaintiffs have properly documented the truth or accuracy of the underlying, vague assertions in this paragraph. Thus, Plaintiffs' exhibits 2 and 4 constitute inadmissible hearsay that cannot be converted to admissible evidence without a proper foundation. *See* Fed. R. Evid. 602 (requiring personal knowledge for

properly admitted evidence).  For these reasons the assertions in these paragraphs are not

material and Plaintiffs have failed properly to support the conclusions that they draw from the

cited exhibits.  *See* Hardy Decl., ¶¶ 12-24; Second Hardy Decl., ¶¶ 5-14.

22.  Defendant does not agree that Plaintiffs have properly documented the truth or

accuracy of any FBI affiliation with the aircraft listed elsewhere in the exhibit and notes that

Plaintiffs offer no basis of knowledge for the apparent owner of the cited document (apparently

FAA or World Wide Aircraft Leasing Corp.).  Thus, Plaintiffs' exhibit 9 constitutes inadmissible

hearsay that cannot be converted to admissible evidence without a proper foundation.  *See* Fed.

R. Evid. 602 (requiring personal knowledge for properly admitted evidence).  For these reasons

the assertions in this paragraph are not material and Plaintiffs have failed properly to support the

conclusions that they draw from the cited exhibits.  *See* Hardy Decl., ¶¶ 12-24; Second Hardy

Decl., ¶¶ 5-14.

23-31.  Defendant does not dispute that the exhibits provided by Plaintiffs include

language that includes the phrase "Title Power Bus FBI C182 Hawk Owl Project", "Title

Operator Monitor FBI C182 Hawk Owl Project" "Title Overhead Video Switchs FBI C182

Hawk Owl Project", "Title Downlink FBI C182 Hawk Owl Project", "Title Video Distribution

FBI C182 Hawk Owl Project", "Title Mount Parts FBI Hawk Owl Project", or a similar phrase,

but notes that the existence or nonexistence of this language is not material to the resolution of

the issues in this action for the reasons set forth in support of Defendant's Motion For Summary

Judgment.  By admitting the existence of this language in the exhibits annexed to Plaintiff's

filing, Defendant does not agree that Plaintiffs have properly documented the truth or accuracy

of any FBI affiliation with the aircraft listed elsewhere in the exhibit and notes that Plaintiffs

offer no basis of knowledge for the apparent owner of the cited document (Paravion Technology,

Inc.). Thus, Plaintiffs' exhibits 10 through 18 constitute inadmissible hearsay that cannot be converted to admissible evidence without a proper foundation. *See* Fed. R. Evid. 602 (requiring personal knowledge for properly admitted evidence). For these reasons the assertions in these paragraphs are not material and Plaintiffs have failed properly to support the conclusions that they draw from the cited exhibits. *See* Hardy Decl., ¶¶ 12-24; Second Hardy Decl., ¶¶ 5-14.

32. Admitted.

33. The allegations in this paragraph are immaterial as the documents referenced do not purport to be linked to any specific aircraft. Defendant adopts the facts set forth in this paragraph to the extent they posit that the FBI conducted surveillance over Baltimore between April 29 and May 3, 2015.

34. Admitted.

Respectfully submitted,

JESSIE K. LIU, DC Bar #472845
United States Attorney

DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division

By:______________________________/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 252-2536
mark.nebeker@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply To Plaintiffs' Opposition To Defendant's Motion For Summary Judgment, And Opposition To Plaintiffs' Cross-Motion For Summary Judgment; Defendant's Response To Plaintiffs' Statement Of Material Facts and declaration has been made through the Court's electronic transmission facilities on the 21st day of November, 2017.

/s/

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530
(202) 252-2536