UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUZZFEED, INC., et al., | ) |
|           Plaintiffs, | ) |
| v. | ) Civ. A. No. 17-0900 (ABJ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
|           Defendant. | ) |

DEFENDANT'S SUR-REPLY

Pursuant to the Court's December 21, 2017 Minute Order, Defendant hereby provides this sur-reply addressing the Plaintiffs' untimely response (ECF No. 17-1) to the material facts proposed by Defendant with its dispositive motion on September 14, 2017.

The Court should disregard the untimely response by Plaintiffs because they have not proffered "excusable neglect" for the untimely filing. *See Smith v. District of Columbia*, 430 F.3d 450, 456-57, n.5 (D.C. Cir. 2005).

In any event, Plaintiffs have not satisfactorily identified that there is a material fact in dispute that would preclude summary judgment for Defendant. Defendant will address the paragraphs of Plaintiffs' Updated Response To Defendant's Statement Of Material Facts Not In Dispute (ECF No. 17-1) in turn:

    1) No response is required as Plaintiffs have adopted the facts set forth in paragraphs 1-9, 12, 17, 27, and 49 and do not dispute any of the matters therein.

    2) Defendant disputes the assertion set forth in paragraph 2 of Plaintiffs' response, as it is not adequately supported by the evidence cited in Plaintiffs' response. The FBI has never publicly confirmed nor denied ownership of the aircraft identified in Plaintiffs'

FOIA request and, as a matter of policy, the FBI does not publicly acknowledge specific aircraft used in aerial surveillance. *See* Hardy Declaration Paragraph 13; Second Hardy Declaration, ¶¶ 6-7.   Plaintiffs have failed to properly support the conclusions that they draw from the cited exhibits.

3) Defendant disputes the assertion set forth in paragraph 3 of Plaintiffs' response as it is not adequately supported by the evidence cited in Plaintiffs' response. Although the FBI has confirmed its use of aerial surveillance, it does not publicly disclose details on its use because doing so could interfere with pending investigations. Additionally, the exhibit cited by Plaintiffs related to a one-time national event in which the Baltimore Police Department requested federal assistance. The FBI's aerial surveillance was initiated by the Baltimore Police Department's request for assistance as opposed to aerial surveillance performed in furtherance of covert operations. *See* Hardy Declaration,  ¶ 19; Second Hardy Declaration, ¶¶ 8, 11.   Plaintiffs have failed to properly support the conclusions that they draw from the cited exhibit.

4) Defendant disputes the assertion set forth in paragraph 4 of Plaintiffs' response, as it is not adequately supported by the evidence cited in Plaintiffs' response.   The FBI has not released specific information regarding tail numbers or the flight and evidence logs associated with specific aircraft. *See* Hardy Declaration, ¶ 19; Second Hardy Declaration, ¶¶ 6, 11.   Defendant asserts that aircraft tail numbers and other information associating flight and evidence logs with specific aircraft have been redacted in the exhibit cited by Plaintiffs.   Plaintiffs have failed to properly support the conclusions that they draw from the cited exhibit.

5) Defendant disputes the assertion set forth in paragraph 5 of Plaintiffs' response as it is not adequately supported by the evidence cited in Plaintiffs' response.   Although the FBI's use of aerial surveillance is well-known, the specific details regarding its aircraft and the circumstances in which they are employed (such how, where, and under what conditions they are deployed) is not generally known. *See* Hardy Declaration, ¶ 22; Second Hardy Declaration, ¶¶ 6-13.   Plaintiffs have failed to properly support the conclusions that they draw from the cited exhibits.

6) Defendant disputes the assertion set forth in paragraph 6 of Plaintiffs' response as it is not adequately supported by the evidence cited in Plaintiffs' response.   The FBI has never publicly confirmed or denied ownership of the aircraft identified in Plaintiffs' FOIA request and, as a matter of policy, the FBI does not publicly acknowledge specific aircraft used in aerial surveillance.   *See* Hardy Declaration, ¶ 22; Second Hardy Declaration, ¶¶ 6, 7, 10, 12.   Plaintiffs have failed to properly support the conclusions that they draw from the cited exhibit.

7) Defendant disputes the assertion set forth in paragraph 7 of Plaintiffs' response that paragraphs 10-11, 14-16, 18-26, 30-38, 41-48, and 50-54 of Defendant's Statement of Material Facts are legal arguments and conclusions rather than not material facts.   Despite filing an Updated Response to Defendant's Statement of Material Facts Not in Dispute, Plaintiffs have again provided no citations to any evidence to contradict Defendant's assertions.   Where Defendant has properly outlined and supported facts in the case, Plaintiffs must proffer evidence to the contrary on a material issue.   They have not.

For these reasons and those previously presented, Defendant asks that the Court grant its dispositive motion and deny Plaintiffs' Cross-Motion For Summary Judgment.

Respectfully submitted,

JESSIE K. LIU, DC Bar #472845
United States Attorney

DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division


By: _____/s/_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC  20530
(202) 252-2536
mark.nebeker@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Unopposed Motion For Leave To File Sur-Reply, And Memorandum In Support Thereof, and a proposed Order has been made through the Court's electronic transmission facilities on this 20th day of December, 2017.

/s/
W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC   20530
(202) 514-7230